**Sim & DePaola, LLP**
Sang J Sim, Esq.
psim@simdepaola.com
4240 Bell Blvd, Suite 405
Flushing, NY 11361
Tel: (718) 281-0400
*Attorneys for Plaintiffs and the*
*Putative FLSA Collective*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAIERA GULAMOVA, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ASSISTED HOME CARE SERVICES,<br><br>Defendant. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

**INTRODUCTION**

1. Plaintiff, SAIERA GULAMOVA ("Gulamova") bring this action, individually and on behalf of all other collective persons similarly situated (collectively as "Plaintiffs"), against Defendant ASSISTED HOME CARE SERVICES, a provider of home health care for the elderly and infirm in and around the City of New York, to seek redress for systematic underpayment of spread of hours and overtime wages, failure in provide wage notices and failure in keeping accurate employment records.

2. Defendants, by failing to maintain and preserve proper records required by law, failing to pay Plaintiffs correct overtime wages at one and one half times the basic minimum hourly rate for all hours worked in excess of forty (40) per work week, failing to pay the "spread of hours"

premium required by law, failing to provide quality employment opportunity without discrimination, violated, *inter alia*, Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§206, 207 et seq, New York Labor Law ("NYLL"), §§232, 239 et seq, New York Human Rights Law ("NYCHRL"), New York Executive Law, Article 15 §§ 291, 296 et seq, New York City Administrative Code ("NYCAC") Chapter 1 §§ 8-107 et seq, New York Comp. Codes R. & Regs.("NYCCR") and other applicable regulations.

3.  On her own behalf and on behalf of the Collective Members, Plaintiffs seek unpaid wages, liquidated damages, pre and post judgment interests and attorneys' fees and costs.

## JURISDICTION AND VENUE

4.  This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants maintain a business location in this district.

## THE PARTIES

6.  Plaintiff Gulamova was and still is a resident of the County of Kings, State of New York.

7.  Plaintiff Gulamova was an employee of Defendant ASSISTED HOME CARE SERVICES who providing personal care and assistance to disabled and elderly clients of Defendants.

8. At all times relevant to this Complaint, each Plaintiff is a "person" and a "employee" within the meaning of Fair Labor Standards Act, 29 U.S.C. §203(e), New York Labor Law §§190(2), 651(5), New York State Executive Law §292 and New York City Human Rights Law §8-107. New York Comp. Codes R. & Regs. tit. 12 § 141-3.2

9. At all times relevant to this Complaint, Defendant ASSISTED HOME CARE SERVICES was and is a New York Corporation which maintains its business address at 85 West End Ave, 1st Fl, Brooklyn, NY 11235.

10. At all times relevant to this Complaint, Defendant ASSISTED HOME CARE SERVICES was doing business within the City and State of New York and maintains multiple offices in Bronx, Kings, Nassau, New York, Queens, Richmond, and Suffolk counties of State of New York.

11. At all times relevant to this Complaint, Defendant ASSISTED HOME CARE SERVICES was and still is engaged in providing nursing and home health aide services at the residence of its clients.

12. At all times relevant to this Complaint, Defendant ASSISTED HOME CARE SERVICES expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

13. At all relevant times, Defendant was and still is an "employer" within the meaning of employed Plaintiffs as defined by Fair Labor Standards Act, as amended, 29 U.S.C. §§203 et seq, New York Labor Law §§ 651 (6), New York State Executive Law §292(5), New York City Human Rights Law §8-102 and other applicable regulations.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her Causes of Action as a collective action under the FLSA on behalf of herself and the following collective: All persons employed by Defendant at any time since June 2019 and through the entry of judgment in this case ("Collective Action Period") who worked as employees providing personal care and assistance to disabled and elderly clients of Defendant (the "Collective Members").

15. A collective action is appropriate in this circumstance because Plaintiff and the Collective Members are similarly situated, in that they were all subjected to Defendant's illegal policy of failing to pay the legally required minimum wage for all hours worked and pay overtime premiums for hours worked in excess of forty (40) hours per week. As a result of these policies, Plaintiff and the Collective Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) hours per week.

16. Plaintiffs and Collective Members have similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

17. Plaintiff Gulamova is a Muslim female immigrant from Uzbekistan.

18. At all relevant times, Defendant has been in the home and personal care business. Upon information and belief, Defendant currently owns, operates, and manages seven (7) home care centers within the State of New York, including Bronx, Kings, Nassau, New York, Queens, Richmond, and Suffolk counties.

19. Plaintiffs were at all relevant times home attendants employed by Defendant at their Brooklyn site within New York City providing personal home health care and assistance to Defendant's disabled and elderly clients in their homes.

20. Plaintiff Gulamova worked for Defendant as a home attendant from around September 2018 to around March 2021, for approximately three (3) years.

21. Plaintiff Gulamova worked three to four 24-hour shifts per week for Defendant as a home attendant approximately from June 2019 to January 2020, over the course of approximately seven (7) months.

22. Plaintiff received training education for three (3) days before she started working for Defendants' clients which are paid-time training promised by Defendant.

23. Plaintiff Gulamova never received any wage payment for her three (3) days training.

24. While employed by Defendant, Plaintiff Gulamova provided services to their homebound elderly and disabled clients. Her job duties included, but were not limited to the following: personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; and escorting clients.

25. Plaintiff does not "live in" the homes of Defendant's clients and is not an "except company" and thus she is not statutorily exempt from coverage under the FLSA, NYCRR. tit. 12 § 142-2.2 and other applicable regulations in effect at the time of her employment.

26. A single shift equals 24 hours of work.

27. Plaintiff worked three to four 24-hour shifts per week.

28. While employed by Defendant, approximately from June 2019 to January 2020 Plaintiff worked more than 40 hours per week.

29. When Plaintiff worked 24-hours shifts, Plaintiff was required to stay overnight at the residences of Defendant's clients and needed to be available to provide assistance to the clients at all times.

30. While Plaintiff worked a 24-hour shift, Plaintiff was not allowed to leave the client's residence/the client without supervision during her shift.

31. Plaintiff continuously worked 3 or 4 shifts per week, for a total of approximately 72/96 hours per week which consist of around 40 hours regular and approximately 32/56 hours of overtime. However, Defendant systematically paid Plaintiff for 13 hours for a 24-hour shift, for a total of 39/52 hours per week which consist around 40 hours regular and 12 hours of overtime.

32. Plaintiff was only paid approximately 12 hours overtime wages on average per week which equals a short fall of about 32/44 hours overtime wages per week while she was employed by Defendant.

33. Plaintiff was paid a flat regular rate at approximately $15.00 per hour, and overtime rate at about $22.50 per hour.

34. Defendants systematically excluded payment for the other worked 11 hours of Plaintiff's 24-hour shift/s without ensuring that Plaintiff received work-free uninterrupted sleep and eat periods (hours) as required by law.

35. Defendant systematically excluded payment for the other 11 hours of Plaintiff's 24-hour shifts even though Defendant failed to establish, maintain and preserve contemporaneous, true and accurate records that accurately reflect: (1) all hours worked by Plaintiff on a daily and weekly basis; (2) Plaintiff's time of arrival and departure from the homes of Defendant's clients; (3) the times of all regularly scheduled work-free uninterrupted periods that Plaintiff were able to sleep and eat; and (3) records of appropriate sleeping facilities provided to Plaintiff.

36. Plaintiff did not obtain regularly scheduled work-free uninterrupted periods to sleep for five or more hours since Defendant's clients were often old and suffering from different health issues, requiring ongoing care.

37. Plaintiff did not receive regularly scheduled work-free uninterrupted meal breaks of one-hour each for three meals per day.

38. Plaintiff had to eat her meals while caring for the clients or try to eat in between her tasks since the Defendant's clients required continual supervision and assistance with feeding during conventional mealtimes.

39. Defendant knew or should have known that Plaintiff was working throughout her entire shift, including during meal and sleep breaks. Defendant allowed or pressured Plaintiff to work through their meal and sleep breaks without compensation.

40. Plaintiff and other Collective Members never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours, in violation of Chapter 12 New York Comp. Codes R. & Regs. § 142-2.4.

41. At all relevant times, Defendant had and continues to have a practice and policy of assigning employees to work extensive overtime hours but inputting far less hours worked into its payroll system in order to systematically underpay its workers.

42. At all relevant times, Defendant willfully entered lower number of hours worked which result in unpaid overtime wage claim.

43. While employed by Defendant, Plaintiff made several complaints to Defendant with respect to the shortage in entry of actual working hours in the payroll timecard system, underpayment of overtime wages and demanded that she be paid correctly and accurately for the hours that she actually worked from Defendant.

44. At all relevant times, Defendant was and is required to establish, maintain, and preserve accurate time records of wages paid, for not less than three years, records that show for each employee, among other information, the number of hours worked daily and weekly, including

the time of arrival and departure of each employee, for not less than two years, under Fair Labor Standards Act.

45. Upon information and belief, Defendant failed to maintain and preserve such accurate time records correctly and failed to record the actual hours that Plaintiff in fact had worked.

46. At all relevant times, Defendant was and is required to establish, maintain, and preserve accurate time records as well as records of wages paid, for not less than six years, weekly payroll records that shows each employee working a split shift or spread of hours exceeding ten (10), under New York Labor Law §195 and New York Comp. Codes R. & Regs. § 142-6.

47. Upon information and belief, Defendant failed to maintain and preserve such records and did so deliberately and intentionally

48. At all relevant times, Defendant was and is required to post a notice in a conspicuous place in its embellishment a notice issued by the Commissioner of Department of Labor, summarizing minimum wage provisions. Upon information and belief, Defendant failed to post such a notice.

49. Defendant's actions as described herein were intentional and not made in good faith.

### AS AND FOR A FIRST CAUSE OF ACTION
### (IN VIOLATION OF THE NEW YORK LABOR LAW)

50. Plaintiff realleges and repeats Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

52. Defendant failed to provide Plaintiff with written notices, in English and in Uzbek, of her rate of pay, employer's regular pay day, and such other information as required by New York Labor Law §195(1).

53. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

54. Defendant knowingly and willfully operated its business with a practice and policy of assigning employees to work more than 40 hours per week and deliberately reducing the actual hours worked into its payroll system and as a result, failing to properly pay and compensate employees for all overtime hours worked, in violation of the New York Labor Law.

55. Defendant knowingly and willfully operated its business with a policy of not providing a proper wage notice to Plaintiff and other similarly situated employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

56. Due to the Defendant's New York Labor Law violations, Plaintiff and other similarly situated employees are entitled to recover from Defendant their unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(IN VIOLATION OF FAIR LABOR STANDARDS ACT)**

57. Plaintiff realleges and repeats Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

58. At all relevant times, Defendant employed Plaintiff and other similarly situated employees within the meaning of the FLSA.

59. At all relevant times, the Defendant had a policy and practice of assigning employees to work well in excess of 40 hours per week but systematically reduced the numbers worked in its payroll system to deliberately underpay Plaintiff and other FLSA Collective Members for their true hours worked in excess of forty (40) hours per week.

60. Defendant failed to pay Plaintiff and FLSA Collective Members overtime compensation for the hours worked.

61. Defendant willfully and knowingly reduced the number of hours worked in its payroll system as opposed to the actual hours worked.

62. Defendant knew of and/or showed a willful disregard in failing to fully compensate Plaintiff and FLSA Collective Members at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week.

63. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under FLSA.

64. As a direct and proximate result of Defendant's willful disregard of the Plaintiff's and FLSA Collective Members' rights under FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

65. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Collective Members suffered damages, plus an equal amount as liquidated damages.

66. Plaintiff and FLSA Collective Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgement that the practices complained of herein are unlawful under the Laws of the State of New York as well as the New York Labor Law and the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law in an amount to be determined at trial;

d. An award of "unpaid spread of hours" premium due under the New York Labor Law at an amount to be determined at trial;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

f. An award of liquidated damages in an amount equal to 100% of their damages as a result of Defendants' willful failure to pay overtime compensation wages pursuant to 29 U.S.C § 216;

g. An award of liquidated as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's **SAIERA GULAMOVA** mental anguish, stress and anxiety, emotional pain and suffering, and emotional distress;

i. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay,

      reputational harm and harm to professional reputation in an amount to be determined at trial;

j. An award of lost wages, benefits and other remuneration in an amount to be determined at trial;

k. An award for damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, but limited to, loss of past and future income, wages, compensation, seniority, and other benefits

l. An award or statutory penalties, and prejudgment and post judgment interest;

m. Prejudgment interest on all amounts due;

n. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and cost to the fullest extent permitted by law; and

o. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Bayside, New York
         January 13, 2023

                                       Respectfully submitted,

                                       /s/ Sang J Sim
                                       Sang J Sim, Esq.
                                       **Sim & DePaola, LLP**
                                       psim@simdepaola.com
                                       4240 Bell Blvd, Suite 405
                                       Flushing, NY 11361
                                       Tel: (718) 281-0400
                                       *Attorneys for Plaintiff(s) and the*
                                       *Putative FLSA Collective*

## VERIFICATION

STATE OF NEW YORK    )
                                       )S.S:
COUNTY OF QUEENS  )

Sang J Sim, Esq., being duly sworn states:

    I, Sang J Sim, an attorney admitted to practice in the courts of New York State, state that I am a partner with the firm of SIM & DEPAOLA, LLP, the attorneys of record for Plaintiffs in the within action; I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Plaintiffs, is because Plaintiffs reside outside the county where deponent maintains his office. I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Bayside, New York
       January 13, 2023

Respectfully submitted,

Sang J Sim, Esq.
Sim & DePaola, LLP
*Attorneys for Plaintiff(s)*
42-40 Bell Blvd., Suite 405
Bayside, NY 11361
T: 718-281-0400
F: 718-631-2700

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ASSISTED HOME CARE SERVICES and/or its respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Sim & DePaola, LLP without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____          _____
Signature                                                          SAIERA GULAMOVA
                                                                          Printed Name

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SAIERA GULAMOVA, Individually and on Behalf of All Other Persons Similarly Situated,

                       Plaintiffs,

-against-

ASSISTED HOME CARE SERVICES,

                       Defendant.

## *COLLECTIVE ACTION COMPLAINT*

Sim & DePaola, LLP
*Attorneys for Plaintiff and FLSA Collective Plaintiff(s)*
42-40 Bell Blvd.– Suite 405
Bayside, New York 11361
(718) 281-0400

TO: Defendants

Service of a copy of the within                  is hereby admitted.

Dated:

   _____
               Attorneys for

**NOTICE OF ENTRY:**
**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on

**NOTICE OF SETTLEMENT:**
**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on
At 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

**CERTIFICATION**
I hereby certify that, to the best of my knowledge, information and belief, the presentation of **SUMMONS & VERIFIED COMPLAINT** and the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated: Queens, New York
    January 13, 2023

                          /s/ Sang J Sim
                          Sang J Sim, Esq.
                          Attorneys for Plaintiff
                          As Designated Above